IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| RASHAD C. LEE, | ) |
| Plaintiff, | ) |
| v. | ) Case Number: 5:13-cv-01365-RBP-JHE |
| COMMISSIONER KIM THOMAS, et al., | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Rashad C. Lee has filed several motions for preliminary injunctive relief, requesting a temporary restraining order ("TRO") or alternatively, a preliminary injunction. Docs. 12, 13, & 16.[1] Plaintiff, however, has not demonstrated he is entitled to such extraordinary relief.

Plaintiff is incarcerated at Limestone Correctional Facility ("LCF") in Harvest, Alabama. In 2000, Plaintiff pled guilty and is serving a life sentence for murdering the mother of his children. After strangling the victim to death, Plaintiff took her body into the woods and dumped it. In 2007, the victim's mother learned Plaintiff was incarcerated at Ventress Correctional Facility ("VCF"), which is close to her home, and contacted the Department of Corrections ("DOC"). She told officials at the DOC she was afraid Plaintiff would escape and harm her and her grandchildren and requested Plaintiff not be housed close to where she and her grandchildren live. Pursuant to this request, VCF Classification Supervisor Mark Burton, in an email to Classification Director Paul Whaley dated February 07, 2007, recommended Plaintiff be barred from correctional facilities in the Central Alabama region and remain in the Limestone, Bibb, or Fountain areas (North Alabama). Plaintiff

---

[1] Plaintiff also objects to the court's order denying a previous motion for a TRO, contending he did not sign a consent form authorizing the magistrate judge to reside over any part of his case. Doc. 12.

was not transferred away from Central Alabama until November 2010. In October 2012, after requesting a transfer back to VCF, Plaintiff learned about the email and being permanently barred from the Central Alabama facilities by Classification Specialist Riley Freeman. This lawsuit followed contending, among other things, his transfer from VCF was improper.

"Temporary restraining orders are an extraordinary remedy designed to preserve the *status quo*, and to prevent irreparable harm before the merits of a case can be heard." *Mama's Enters., LLC v. United States*, 883 F. Supp. 2d 1128, 1132 (N.D. Ala. 2012) (citing *Granny Goose Foods, Inc.*, 415 U.S. 423, 439, 94 S. Ct. 1113 (1974)). The presence of irreparable harm and the inadequacy of legal remedies are the basis of such injunctive relief. *Id.* (citing *Sampson v. Murray*, 415 U.S. 61, 88, 94, S. Ct. 937 (1974)). To be entitled to preliminary relief, the moving party must establish:

> (1) A substantial likelihood that he will prevail on the merits of the claim;
> (2) he will suffer irreparable injury unless the injunction issues;
> (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and
> (4) the public interest will not be harmed if the injunction should issue.

*Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983). "Because a preliminary injunction is 'an extraordinary remedy,' its grant is the exception rather than the rule, and [the movant] must clearly carry the burden of persuasion." *United States v. Lambert*, 695 F.2d 536, 539 (11th Cir. 1983) (quoting *Texas v. Seatrain Int'l*, 518 F.2d 175, 179 (5th Cir. 1975)).

Plaintiff moves for a TRO or preliminary injunction "until the merits of the issues raised is resolved." *See* doc. 13 at 1. Because Plaintiff requests to be transferred to a facility in Central Alabama in his complaint, the court construes his motions for preliminary relief to request the same. Plaintiff's alleged injury, being incarcerated in a facility further away from his family, is not the type of "irreparable harm" (if even a cognizable injury at all) to support such preliminary injunctive relief.

Prisoners do not have a constitutional right to be incarcerated at a particular institution. *See Meachum v. Fano*, 427 U.S. 215, 224, 96 S. Ct. 2532, 2538 (1976). Being further away from his family is not an "irreparable harm" entitling Plaintiff to preliminary injunctive relief. Neither does this "injury" outweigh Defendants' interest in efficient and effective prison management. The DOC's ability to transfer prisoners is essential to prison management. *Id.* at 225; 96 S. Ct. at 2538. Additionally, the adverse impact of permitting Plaintiff to remain closer to his family does not outweigh the public's interest in permitting the DOC to efficiently and effectively manage the prison system. Plaintiff also fails to demonstrate a substantial likelihood he will prevail on the merits.

For the reasons stated above, Plaintiff's motions for preliminary, emergency relief, docs. 12, 13, & 16, are DENIED.

On November 14, 2013, Plaintiff filed a "Motion to Expedite the Proceedings for Emergency Review by the Court for Good Cause." Doc. 14. Because the court has addressed said motions, Plaintiff's motion to expedite, doc. 14, is DENIED as MOOT.

DONE this 15th day of January 2014.

_____
ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE