# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| RASHAD C. LEE, | ) |
| | ) |
|  Plaintiff, | ) |
| | ) |
| v. | ) Case No. 5:13-cv-01365-VEH-JEO |
| | ) |
| COMMISSIONER KIM THOMAS, et al., | ) |
| | ) |
| | ) |
|  Defendants. | ) |

## MEMORANDUM OPINION AND PARTIAL FINAL JUDGMENT ORDER; ORDER REFERRING CASE BACK TO MAGISTRATE JUDGE

The magistrate judge filed a report and recommendation on February 10, 2016, recommending the claims against defendant Deloach be dismissed for lack of prosecution. (Doc. 51 at 3). The magistrate judge further recommended that the motion for summary judgment be granted with regard to all claims against defendants Thomas, Culliver, Conway, and Bias. (*Id.*). Finally, the magistrate judge recommended defendant Estes's motion for summary judgment as to the plaintiff's Eighth Amendment conditions of confinement claim be denied, but noted only nominal damages were available since the plaintiff alleges no physical injury and is no longer incarcerated at Limestone Correctional Facility. (*Id.*).

On February 25, 2015, defendant Estes filed objections to the magistrate judge's report and recommendation. (Doc. 52). He is the only party to this action to file objections to the report and recommendation.[1] Defendant Estes objects to the magistrate judge's reliance on two inmate affidavits proffered as part of the plaintiff's initial disclosures and information contained in the plaintiff's motion for preliminary injunctive relief. (*Id.* at 1-6) (citing docs. 39 & 30, respectively). Defendant Estes also takes issue with a factual statement made by the magistrate judge (explained below), and a footnote where he contends the magistrate judge relied on information contained in the inmate affidavits. (*Id.* at 5-6). After consideration of the procedural history and defendant Estes's arguments, the objections are **OVERRULED**, and the request to file an additional response is **DENIED** at this time.

Defendant Estes declares the magistrate judge erred in relying on the initial disclosures and two affidavits the plaintiff filed on January 5, 2015, because they were submitted in connection with a motion for default judgment that had been denied as premature prior to the filing of the Special Report on March 6, 2015. (*Id.* at 3) (citing docs. 39, 43 & 49, respectively). Defendant Estes points out that

---

[1] The plaintiff filed a letter yesterday, March 2, 2016 (doc. 53), but that document does not present any objections to the report and recommendation.

Section III. B. of the Order for Special Report directed the plaintiff to file his initial disclosures within (20) twenty days *after* the certificate of service on the defendants' Special Report. (*Id.* at 4) (citing doc. 32 at 4). Therefore, he argues, the plaintiff's January 25, 2015 initial disclosures were premature. (*Id.*). Defendant Estes asks the court to reject this aspect of the report and recommendation, or, in the alternative, requests leave to file an additional response. (*Id.* at 6).

The Order for Special Report was entered on November 14, 2014. (Doc. 32). The order directed Defendant Estes to respond to the plaintiff's complaint and amended complaint within 60 days. (*Id.* at 7) (citing docs. 1 & 15). Defendant Estes filed a motion for extension of time to file a Special Report on December 30, 2014. (Doc. 37). The magistrate judge granted the motion the following day and afforded defendant Estes until February 4, 2015, to file the special report. (Doc. 38).

On January 1, 2015, the plaintiff filed a motion for default judgment, which contained the initial disclosures and affidavits at issue. (Doc. 39).[2] The certificate of service indicates that the plaintiff sent the motion to the defendants at ADOC Central Records in Montgomery, Alabama, and to the defendants at Limestone

---

[2] Because prisoners proceeding *pro se* have virtually no control over the mailing of their pleadings, their pleadings are deemed to be filed at the time the prisoner delivers the pleading to prison or jail officials to be mailed. *See Houston v. Lack*, 487 U.S. 266, 270-72 (1988). The plaintiff signed his motion on January 1, 2015, so it is deemed filed on that date.

3

Correctional Facility. (*Id.* at 3). Defendant Estes is the Warden at Limestone Correctional Facility. (*Id.*). As such, defendant Estes had notice of the initial disclosures and the two inmate affidavits for at least one month prior to the filing of his Special Report.[3] (*Id.*). Certainly, the plaintiff's motion for default judgment and his disclosures were premature, but considering the foregoing circumstances and the fact the plaintiff is proceeding *pro se*, defendant Estes could have specifically responded to the content of the affidavits within the time period allotted to file the special report. Furthermore, while defendant Estes now requests additional time to dispute the affidavits and report and recommendation, he makes no proffer as to the additional evidence and argument he intends to present and fails to explain how such evidence would produce anything other than further disputed issues of material facts in connection with the claim against him.[4] Defendant Estes does not proffer

---

[3] Defendant Estes does not dispute that he had notice of these filings. Even if he did not receive a copy from the plaintiff, he received an electronic notification that they were filed when the Clerk entered them into the record.

[4] Defendant Estes quotes the last two pages of the plaintiff's complaint as providing the only allegations supporting the claim at issue for which the Order for Special Report required a response. (Doc. 52 at 2) (quoting doc. 1 at 63-64). In a portion of his affidavit addressing this claim, defendant Estes attests, "[t]o my knowledge there has never been any type of emergency where medical personnel had to attempt entry to a cell block through the smoking cages attached to a cell block building." (Doc. 49 at 4). The plaintiff's complaint makes no allegations regarding an emergency where medical personnel would have needed to attempt entry. (Doc. 1 at 63-64). Instead, it is inmate Perry's affidavit that details a specific incident where medical personnel could not get an inmate out of the dorm through the smoke cage because the lock was rusted. (Doc. 39 at 4). Thus, it is evident defendant Estes was responding to information contained in one of the inmate affidavits and offering evidence to dispute it, which, at most, created an issue of fact.

evidence or argument that may result in the success of his motion for summary judgment. This objection is **OVERRULED**, and Defendant Estes's request to file an additional response is **DENIED** at this time.

Next, defendant Estes objects to the following statement contained in the magistrate judge's report and recommendation: "Such a drill was not conducted while the plaintiff was housed at the facility even though the locked smoke cages are one of two points of exit." (Doc. 52 at 6) (citing doc. 51 at 29). Defendant Estes argues "[n]o cite is provided in support of this statement and this is disputed." (*Id.*). Defendant Estes does not reveal what aspect(s) of this statement is disputed. The plaintiff was housed at Limestone Correctional Facility for a period of time prior to 2012, was transferred away from the facility until November 21, 2012, and then remained at Limestone until January 5, 2015. (Doc. 1 at 27-28, 47-48, 56; Doc. 5 at 5; Doc. 49-2 at 3).

In defendant Estes's affidavit, executed on March 6, 2015, he attested

> *[a] recent drill* was conducted to determine how long it would take a dormitory rover to retrieve the key from the cubicle and then to open the smoke cages.
>
> The quickest time was two (2) minutes and the longest time was ten (10) minutes due to a lock issue. This drill *will* be performed on a monthly basis in conjunction with the fire drill which will illuminate any future issues with locks.

(Doc. 49-4 at 3).

Additionally, the inmate affidavits the plaintiff submitted state emergencies occurred while the plaintiff was housed at Limestone and indicate that the riot doors and smoke cages are the only two points of exit from the dorms in that facility. (Doc. 39 at 4-5). All of the foregoing citations are explicitly set out in the report and recommendation.[5] (Doc. 51 at 6, 15-16).

Thus, the magistrate judge's factual statement is derived from defendant Estes's own statement and numerous other citations to the record. Based on the record evidence, the factual statement is neither erroneous nor disputed. Accordingly, this objection is **OVERRULED**, and his request for additional time to respond to the statement is **DENIED** at this time.

Finally, defendant Estes objects to the magistrate judge's reliance on information contained in a footnote referring to the content of a Motion for Preliminary Injunctive Relief that the court denied prior to the filing of his Special Report. (Doc. 52 at 6) (citing doc. 51 at 14 n.5). This footnote contains factual allegations about dangerous incidents pertaining to the fire exits and smoke cages at Limestone Correctional Facility. (Doc. 51 at 14 n.5). Not only were these

---

[5] The lack of citation defendant Estes refers to is in the "Analysis" section of the report and recommendation; however, the citations for this fact are in fact provided in the "Summary Judgment Facts" section.

6

allegations contained in a footnote and not necessary to the magistrate judge's conclusion, the inmate affidavits referred to above contain substantially the same allegations. For the same reasons defendant Estes's objection to the inmate affidavits are overruled, this objection is **OVERRULED**, and defendant Estes's request for additional time to respond to the footnote statement is **DENIED**.

Furthermore, to the extent defendant Estes contends that any of the plaintiff's facts upon which the magistrate relied are "disputed" or would have been disputed if he had presented evidence, (*see* doc. 52 at 5), disputed facts do not compel summary judgment but instead compel the denial of summary judgment when those disputed facts are material. *See* FED. R. CIV. P. 56.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections filed by defendant Estes, the court is of the opinion that the magistrate judge's report is due to be and is hereby **ADOPTED** and his recommendation is **ACCEPTED**.

The Court **EXPRESSLY FINDS** the claims against defendant Deloach are **DISMISSED** for lack of prosecution. The court further **EXPRESSLY FINDS** there are no genuine issues of material fact as to all claims against defendants Thomas, Culliver, Conway, and Bias, and those defendants are entitled to judgment as a matter of law. Therefore, the motion for summary judgment filed by defendants

Thomas, Culliver, Conway, and Bias is **GRANTED**, and the claims against them are **DISMISSED WITH PREJUDICE**. **FINAL JUDGMENT is hereby entered in favor of defendants Thomas, Culliver, Conway, and Bias.**

The Court also **EXPRESSLY FINDS** there are genuine issues of material fact as to the Eighth Amendment claims against defendant Estes, and he is not entitled to judgment as a matter of law. Accordingly, defendant Estes's motion for summary judgment is **DENIED**, and the claim against him is **REFERRED** to the magistrate judge for further proceedings, including the potential for receiving further evidence and argument on a possible second motion for summary judgment prior to initiating pretrial procedures.

**DONE** and **ORDERED** this the 3rd day of March, 2016.

*[signature]*

**VIRGINIA EMERSON HOPKINS**
United States District Judge