FILED
 2016 Mar-11  PM 03:33
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| RASHAD C. LEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 5:13-CV-1365-VEH-JHE |
| | ) |
| DEWAYNE ESTES and SHIRLEY BROWN, | ) |
| | ) |
| Defendants. | ) |

## SUPPLEMENTAL MEMORANDUM OPINION AND PARTIAL FINAL JUDGMENT ORDER; ORDER REFERRING CASE BACK TO MAGISTRATE JUDGE

### I. BACKGROUND AND PROCEDURAL HISTORY

This is a pro se Section 1983 action brought by the Plaintiff, Rashad C. Lee ("Plaintiff"). The action was initiated on or about July 13 2013,[1] Plaintiff alleged that various rights, privileges, or immunities afforded him under the Constitution or laws of the United States have been abridged during his incarceration. (Doc. 1).[2] Under this Court's usual practices and 28 U.S.C. § 636(b)(1), the complaint

---

[1] Documents submitted by pro se prisoners are deemed to be filed at the time the prisoner delivers the pleading to prison or jail officials to be mailed. *See Houston v. Lack*, 487 U.S. 266, 270-72 (1988). This is sometimes called the "prison mailbox rule."

[2] Citations to "Doc. __ at __" refer to documents in the court file by their document number and corresponding page number assigned by CM-ECF, the Court's electronic document filing system.

was referred to the undersigned magistrate judge for a report and recommendation.

This matter comes before the undersigned on Plaintiff's objections (doc. 56) to the magistrate judge's February 10, 2016 Report and Recommendation (the "2016 R&R")(Doc. 51). Objections were due on February 24, 2015. As of March 3, 2016, only Defendant Estes had filed objections to the 2016 R&R, so the undersigned only considered Defendant Estes's objections in reviewing the 2016 R&R.[3] On March 3, 3016, the undersigned issued a Memorandum Opinion and Partial Final Judgment Order. (Doc. 54). That document overruled Defendant Estes's objections and denied Defendant Estes's request to file an additional response "at [that] time." (Doc. 54 at 2). In its March 3, 2016 Memorandum Opinon and partial Final judgment Order, the court entered a memorandum opinion adopting the magistrate judge's report and accepting his recommendation. All of Plaintiff's claims were dismissed with prejudice except for his Eighth Amendment claims (nominal damages only) against Defendant Estes; the action was referred back to the magistrate judge for further proceedings, including the potential for receiving further evidence and argument on a possible second motion for summary judgment prior to initiating pretrial procedures. (*Id.* at 8).

---

[3] The Plaintiff filed a letter on March 2, 2016 (doc. 53), but that document did not present any objections to the 2016 R&R.

On March 7, 2016, after the time for objections had passed, and after the court published its March 3, 2016, Memorandum Opinion and Order, the court received Plaintiff's objections to the 2016 R&R. (Docket sheet). However, under the prison mailbox rule, Plaintiff's objections are deemed filed February 24, 2016, and thus are timely. The court now considers Plaintiff's objections to the 2016 R&R.

## II. PLAINTIFF'S OBJECTIONS

### A. New Allegations Posed as Objections

The bulk of Plaintiff's objections consist of new allegations relate to recent incidents at Draper, Elmore, and Easterling Correctional Facilities. (Doc. 56 at 1-2, 5-7). As new allegations, these do not constitute objections to the magistrate judge's report and recommendation and are not considered.

### B. Objections that Plaintiff's First Amendment Claims Were Misconstrued

The plaintiff also asserts the magistrate judge misconstrued one of his claims, stating he claimed that he "was punished for . . . writing letters to his children in direct violation of his and their 1st Amendment" constitutional rights. (Doc. 56 at 2). However, this objection is made too late and/or has been waived. Specifically, the record indicates that on August 7, 2014, the magistrate judge addressed and recommended Plaintiff's First Amendment retaliation claim be dismissed for failure to state a claim. (Report and Recommendation entered

August 7, 2014, the "2014 R&R"). (Doc. 25 at 37-39). At that time, Plaintiff had an opportunity to file objections (*id.*), and did so on August 14, 2014. (Doc. 28). Indeed, Plaintiff specifically objected to the recommended dismissal of his First Amendment claim. (Doc. 28 at 11-15). However, Plaintiff did not assert that the magistrate judge had misconstrued this claim.

On October 31, 2014, a district judge of this court overruled Plaintiff's objection, adopted and accepted the 2014 R&R with regard to Plaintiff's First Amendment claim, and dismissed that claim. (Doc. 31 at 13-16).

On November 4, 2015, the magistrate judge entered an Order for Special Report, outlining the remaining claims, which did not include the First Amendment claim. (Doc. 32). The Order stated that "[t]he plaintiff is required to notify the court within twenty (20) days after the date of this Order whether the court has misunderstood or misconstrued the claims pled in the complaint and amended complaint. (*Id.* at 3). On November 14, 2014, the court received Plaintiff's motion for leave to amend to add an Eighth Amendment claim, but the plaintiff did not ask to add a First Amendment claim or notify the court that it had misconstrued his claims, including his First Amendment claim. (Doc. 34). Accordingly, Plaintiff's current objections regarding his First Amendment claim is **OVERRULED**.

4

C. <u>Other Objections</u>

The March 3, 2016 Memorandum Opinion is supplemented to the extent that Plaintiff's February 24, 2016 objections have been considered after *de novo* review of the record and are **OVERRULED**.

## III. CONCLUSION

All findings and rulings contained in the March 3, 2016 Memorandum Opinion and Partial Final Judgment Order remain in full force and effect. This case remains referred to the magistrate judge for further proceedings on the only claim remaining in this action, namely, Plaintiff's Eighth Amendment claim against Defendant Estes.[4]

**DONE** and **ORDERED** this the 11th day of March, 2016.

*/s/ VEHopkins*
**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

[4] The court notes that on the CM/ECF docket sheet, Shirley Brown is listed as an active, but unrepresented defendant. However, on August 7, 2014, the magistrate judge implicitly recommended that the claims against Defendant Brown be dismissed. (*See* Doc. 25 at 39 ("[A]ll claims against all Defendants be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) and/or (2) except" various claims against Defendants Bias, Conway, DeLoach, Culliver, Thomas, and Estes. (Doc. 25 at 39). This report and recommendation was adopted as to the dismissal of Plaintiff's claims as to Defendant Brown on October 17, 2014. (Doc. 31 at 17-18). Accordingly, the clerk is **HEREBY DIRECTED** to term Brown's status as a defendant in this case.